UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TYSON GRAVES                        PETITIONER

v.                     CIVIL ACTION NO. 3:10-CV-44-S

COOKIE CREWS                       RESPONDENT

## **MEMORANDUM OPINION**

This matter is before the Court for preliminary review of Tyson Graves's *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. following § 2254. Petitioner seeks restoration of 180 days, statutory good time credit toward his sentence based upon the evidence presented in a state prison disciplinary action, December 4, 2009. Petitioner acknowledges he has not sought relief in state court.

It is immediately apparent that the petition should be dismissed without prejudice for failure to allege exhaustion of available state remedies. A federal court may grant a writ of habeas corpus only after a petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b); *Picard v. Conner*, 404 U.S. 270, 275 (1971); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Hannah v. Conley,* 49 F.3d 1193 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124 (6th Cir. 1993).

Kentucky provides an adequate remedy for restoration of good time credits. *See* KY. REV. STAT. ANN. § 197.045 (good-time provisions); KY. REV. STAT. ANN. § 419.020 (state habeas proceeding). A Kentucky prisoner may challenge the computation of good time credits in a state declaratory action. *See ODea v. Clark*, 883 S.W.2d 888 (Ky. App. 1994). If the state court fails to grant relief, Petitioner may then refile a federal habeas petition, although Petitioner

should be careful to refile within the one-year limitation period, § 2244(d). *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

The Court will enter a separate order dismissing the petition without prejudice.

## Certificate of Appealability

Before seeking an appeal, § 2253 requires a petitioner to make a substantial showing of the denial of a constitutional right. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *see also Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001) (holding § 2253 applies to § 2254 petitions contesting loss of good time credits). The court concludes no jurists of reason would find debatable that Petitioner fails to show exhaustion of available state remedies.

DATE:

cc: Petitioner, *pro se*

4411.007